TRAMMELL *v.* BEARD

DISMISSAL AND NONSUIT—FAILURE TO APPEAR—REINSTATEMENT OF ACTION.

Dismissal of plaintiffs' action for failure to appear on the date of trial was error and plaintiffs' action ordered reinstated where the trial date had been set by stipulation, no record of an order pursuant to the stipulation was in the court's file, plaintiffs' counsel was assigned for trial on another case at the same time as the trial in the present case was scheduled, the plaintiffs sought an adjournment, the defendants consented to the adjournment, and the trial court refused the adjournment.

Appeal from Wayne, John B. Swainson, J. Submitted Division 1 March 3, 1971, at Detroit. (Docket No. 8904.) Decided March 31, 1971.

Complaint by John Trammell and Cora Lee Trammell, for herself and as next friend of Maurice Trammell, against James F. Beard and Carolyn Ruth Beard for damages from an automobile collision. Complaint dismissed for failure to appear. Plaintiffs appeal. Action reinstated and remanded for trial.

*Zeff & Zeff, P. C.,* for plaintiffs.

*Rouse, Selby, Dickinson, Shaw & Pike* (by *A. J. Galsterer, Jr.*), for defendants.

REFERENCE FOR POINTS IN HEADNOTE

24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 53 *et seq.*

Before: V. J. BRENNAN, P. J., and QUINN and O'HARA,* JJ.

PER CURIAM. Plaintiffs appeal from an order dismissing their action for failure to appear on date of trial. Pursuant to GCR 1963, 820.1(7), we order reinstatement of this action and remand it for trial.

By stipulation filed July 31, 1969, counsel for the parties adjourned the original trial date from August 21, 1969, to November 17, 1969. The trial court file discloses no order pursuant to this stipulation, which probably accounts for the fact that plaintiffs' counsel was assigned for trial on another case on November 12, 1969. Pursuant to local rule, plaintiffs' counsel, on learning of the conflicting assignments, sought a second adjournment from the presiding judge. Although defendants consented to the adjournment, it was not granted. Plaintiffs' counsel's engagement in a jury trial in another court prevented his appearance on November 17, 1969, for trial of this action.

The Wayne Circuit Court must have local rules to control the flow of litigation. Those rules were followed in this case; they would not have been followed had the presiding judge known that this action was adjourned for trial on November 17, 1969, as far back as July 31, 1969. An order pursuant to the stipulation of July 31, 1969 would have disclosed this fact to the presiding judge. Plaintiffs' action is lost unless it is reinstated. Defendants did not oppose the appellate relief sought, so no costs are awarded.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.